# EXHIBIT "A"

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Estella Noemi Tevez</u>
Plaintiff                                                     Case # _____
                                                              Judge _____

vs.
<u>VMSB, LLC. d/b/a Casa Casuarina</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☒ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☒ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.      REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.      NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>2</u>

**VI.      IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.      HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.      IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jamie H. Zidell</u>        Fla. Bar # <u>10121</u>
      Attorney or party              (Bar # if attorney)

<u>Jamie H. Zidell    </u>        <u>11/16/2020</u>
  (type or print name)           Date

IN THE COUNTY COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

| | |
|---|---|
| ESTELLA NOEMI TEVEZ and all others similarly situated under 29 U.S.C. § 216(b), | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| VMSB, LLC. d/b/a CASA CASUARINA, a Florida Corporation | ) ) ) |
| Defendant. | ) ) ) |
| _____ | ) |

**COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS AND
FEDERAL MINIMUM WAGE VIOLATIONS**

Plaintiff, ESTELLA NOEMI TEVEZ, on behalf of herself and all others similarly situated

under 29 U.S.C. § 216(b), through undersigned counsel, and hereby files this Complaint against

Defendant, VMSB, LLC. d/b/a CASA CASUARINA, and alleges:

1.  This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216. This

    Court has jurisdiction concurrent with the Federal Courts under 29 U.S.C. § 216(B).

2.  This case involves damages in excess of $8,000.00 but less than $30,000, including

    liquidated damages and exclusive of attorney's fees and costs.

3.  The Plaintiff, ESTELLA NOEMI TEVEZ was a resident of Dade County, Florida at the

    time that this dispute arose.

4.  The Defendant VMSB, LLC. d/b/a CASA CASUARINA is a company that regularly

    transacts business within Miami-Dade County. Upon information and belief, the

    Defendant was the FLSA employer for Plaintiff's respective period of employment ("the

relevant time period").

5.  All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6.  This action arises under the laws of the United States.  This case is brought as a collective action under 29 U.S.C. § 216(b).  It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).  This Court has concurrent jurisdiction with the Federal Courts under 29 USC §216(B).

8.  29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9.  Plaintiff ESTELLA NOEMI TEVEZ worked as a non-exempt busser at Defendant's restaurant from on or about September 6, 2019 through to on or about October 24, 2020[1].

10. Defendant's business activities involve those to which the Fair Labor Standards Act

---

[1] Except for approximately 12 weeks as the restaurant was closed due to COVID-19.

applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to her by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while she worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

11. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant had gross sales or business done in excess of $500,000 annually for the year 2019 and is expected to exceed $500,000 for the year 2020.

13. Between the period of on or about September 6, 2019 through to on or about October 24, 2020[2], Plaintiff worked an average of 50 hours a week for Defendants and was not[3] paid anything for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time and a half overtime rate for each hour worked above 40 hours in a week based on the applicable minimum wage.

---

[2] Except for approximately 12 weeks as the restaurant was closed due to COVID-19.
[3] Plaintiff acknowledges her paystubs would reflect some overtime hours, but Plaintiff denies she was paid all her overtime and, when she was paid overtime, she was paid at an incorrect overtime rate.

14. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

**WHEREFORE,** the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. ***The Plaintiff requests a trial by jury.***

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION AGAINST DEFENDANT

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-14 above and further states:

15. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than-- $5.85 an hour, beginning on the 60th day after May 25, 2007; $6.55 an hour, beginning 12 months after that 60th day; and $7.25 an hour, beginning 24 months after that 60th day…" [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr.

**4** of **6**

On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr[4].

16. Between the period of on or about Between the period of on or about September 6, 2019 through to on or about October 24, 2020[5], Plaintiff worked an average of 50 hours a week for Defendants, Plaintiff was paid $5.65/hr[6] for said work in violation of the Fair Labor Standards Act as said payment of $5.65/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $5.65/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

17. Plaintiff was paid the tipped minimum wage instead of the regular minimum wage for all hours worked on a weekly basis.

18. Defendant did not provide proper notice to Plaintiff of their intent to claim the tip credit as required by 29 U.S.C. §203(m).

19. Defendant shared Plaintiff's tips with Managers and/or other non-tipped employees for the time period alleged herein and/or failed to pay Plaintiff all tips she should have been paid.

20. Defendant failed to comply with the Fair Labor Standards act by (a) not paying any amount for some of the weekly hours that the Plaintiff regularly worked at the proper minimum wage and (b) not providing notice to the Plaintiff of the tip credit that would be used to cover the minimum wage deficiency.

---

[4] After the pre-suit statutory time period has expired, Plaintiff will amend to allege Florida Minimum Wage violations.
[5] Except for approximately 12 weeks as the restaurant was closed due to COVID-19.
[6] Plaintiff was paid an hourly amount of $5.65 plus tips, but was never provided proper notice of the tip-credit as required by law.

20. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

**WHEREFORE**, Plaintiff requests double damages and reasonable attorney fees from the Defendant, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendant or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121

IN THE COUNTY COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

ESTELLA NOEMI TEVEZ and all others )
similarly situated under 29 U.S.C. § 216(b), )
)
Plaintiff, )
vs. )
)
VMSB, LLC. d/b/a CASA CASUARINA, a )
Florida Corporation )
)
Defendant. )
_____ )

## NOTICE OF APPEARANCE OF COUNSEL

**COME(S) NOW** the undersigned counsel and notices the Court and all parties as

follows:

The undersigned hereby appears as an additional trial counsel of record on behalf of the

Plaintiff, and requests that all documents filed or served in this case be sent to the undersigned.

Respectfully submitted,

**SAMUEL C. GOLD ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL:** samgold.zidell.law@gmail.com
**F.B.N. 0570141**

**BY:**_____/s/ Samuel Gold_____
**SAMUEL C. GOLD ESQ.**

## <u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA E-FILING PORTAL TO ALL PARTIES OF RECORD AND/OR TO VIA US MAIL TO THE BELOW RECIPIENTS ON 11/17/2020:

VMSB, LLC. d/b/a CASA CASUARINA
Registered Agent: Corporation Service Company
1201 Hays Street
Tallahassee FL 32301

**BY:**       **/s/ Samuel Gold**
                **SAMUEL C. GOLD ESQ.**

## RETURN OF SERVICE

| State of Florida | County of Miami-Dade | Circuit Court |

Case Number: 2020-003522-CC-24

Plaintiff:
ESTELLA NOEMI TEVEZ AND ALL OTHERS SIMILARLY SITUATED UNDER 29 U.S.C. §
216(B)

vs.

Defendant:
VMSB, LLC D/B/A CASA CASUARINA

For:
J.H. ZIDELL, P.A.
300 71ST STREET
SUITE 605
MIAMI BEACH, FL 33141

LTN2020004050

Received by LIGHTNING LEGAL on the 18th day of November, 2020 at 5:16 pm to be served on VMSB, LLC DBA CASA
CASUARINA REGISTERED AGENT: CORPORATION SERVICE COMPANY, 1201 HAYES STREET, TALLAHASSEE, FL 32301

I, Christopher S. Kady, do hereby affirm that on the 19th day of November, 2020 at 11:10 am, I:

served a CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE by delivering a true copy of the Letter,
Summons and Complaint Under 29 U.S.C. § 201-216 Overtime Wage Violation and Federal Minimum Wage Violations with
the date and hour of service endorsed thereon by me, to: Anna Moneyham as Service Liaison authorized to accept service, of the
within named corporation, at the address of: 1201 Hays Street, Tallahassee, FL 32301 on behalf of VMSB, LLC DBA CASA
CASUARINA, and informed said person of the contents therein, in compliance with state statutes.

Description of Person Served: Age: 35, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 150, Hair: Red, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the
judicial circuit in which the process was served                            "Under penalties of perjury, I declare that I
have read the foregoing document and that the facts in it are true" F.S. 92.525    NOTARY NOT REQUIRED PURSUANT TO FS 92.525

Christopher S. Kady
Process Server #237

LIGHTNING LEGAL
Lightning Legal Couriers & Process
9280 Sw 64th St.
Miami, FL 33173
(786) 286-4167

Our Job Serial Number: LTN-2020004050

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1n

Filing # 116810241 E-Filed 11/17/2020 02:17:49 PM

| ☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☑ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION** ☑ CIVIL ☐ DISTRICTS ☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE (a) GENERAL FORMS | **CASE NUMBER** 2020-003522-CC-24 |
| **PLAINTIFF(S)** ESTELLA NOEMI TEVEZ and all others similarly situated under 29 U.S.C § 216(b) | VS.  **DEFENDANT(S)** VMSB, LLC. d/b/a CASA CASUARINA | **SERVICE** NOV 19 2020 Served Date: _____  Time: _____ Christopher Kady #237 2nd Judicial Circuit |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on
defendant(s): _____ VMSB, LLC.
Registered Agent: Corporation Service Company
1201 Hays Street
Tallahassee FL 32301

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: J.H. ZIDELL, P.A.

whose address is: _____ 300 71st Street, Suite 605
Miami Beach FL 33141

within 20 days ` **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN CLERK of COURTS | | **DATE** 11/18/2020 |
|---|---|---|
| | DEPUTY CLERK CT30360 | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Alician Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT 314 Rev 09/19                                                                                     Clerk's web address: www.miami-dadeclerk.com



J.H. ZIDELL, P.A.

STATE & FEDERAL
COURT PRACTICE

ATTORNEYS

CITY NATIONAL BANK BUILDING
300 71st STREET, SUITE 605
MIAMI BEACH, FL 33141
TEL (305) 865-6766
FAX (305) 865-7167

November 18, 2020

*SERVED WITH INITIAL COMPLAINT*
VMSB, LLC. d/b/a CASA CASUARINA
Registered Agent: Corporation Service Company
1201 Hayes Street
Tallahassee FL 32301

Re:    Estela Noemi Tevez

Dear VMSB, LLC. d/b/a CASA CASUARINA (Registered Agent):

Please be advised that the law firm of J.H. Zidell, P.A. represents Estela Noemi Tevez. As you are aware Ms. Tevez worked for you as a busser between the dates of on or about September 6, 2020 through to on or about October 24, 2020.

From on or about September 6, 2019 through to on or about October 24, 2020[1], you failed to pay Ms. Tevez the applicable Florida minimum wage. Ms. Tevez worked an average of 50 hours per week and was paid company paid approximately $5.65/hr for said work. Said nonpayment of the applicable Florida minimum wage constitutes a minimum wage violation pursuant to Fair Labor Standards Act and the Florida Constitution.

This letter is being written pursuant to Florida Statute §448.110. Pursuant to Florida Statute §448.110, you have 15 days from receipt of this letter to cure all Florida minimum wages owed to Ms. Tevez.

Pursuant to the Florida Constitution, the Florida minimum wage first went into effect on May 2, 2005 when the Florida Minimum wage was set at $6.15/hr. Thereafter, on January 1, 2006 the Florida minimum wage was increased to $6.40/hr. On January 1, 2007 the Florida minimum wage was increased to $6.67/hr. On January 1, 2008 Florida minimum wage was increased to $6.79/hr. On January 1, 2009, the Florida minimum wage was increased to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum

---

[1] Except for approximately 12 weeks as the restaurant was closed due to COVID19.

1 of 3

IN THE COUNTY COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO.: 2020-003522-CC-24

ESTELLA NOEMI TEVEZ, and all others
similarly situated under 29 U.S.C. § 216(b),

      Plaintiffs,

v.

VMSB, LLC, d/b/a CASA CASUARINA,
a Florida corporation,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, VMSB, LLC ("VMSB" or "Defendant"), by undersigned counsel, files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, ESTELLA NOEMI TEVEZ ("Plaintiff" or "Tevez") on November 16, 2020 (the "Complaint"). In support, Defendant states as follows:

1.      In response to Paragraph 1 of the Complaint, Defendant acknowledges that Plaintiff attempts, unsuccessfully, to allege an action against Defendant pursuant to the Fair Labor Standards Act (the "FLSA"), but Defendant denies the allegations contained in Paragraph 1 insofar as Plaintiff alleges or implies any wrongdoing by Defendant, that she is entitled to damages or any other relief from Defendant or that she has a valid claim against Defendant.

2.      In response to Paragraph 2 of the Complaint, Defendant acknowledges that Plaintiff alleges entitlement to damages, but Defendant denies the allegations insofar as Plaintiff alleges or implies any wrongdoing by Defendant, that she are entitled to damages or any other relief from Defendant or that she has a valid claim against Defendant.

1

3.      Defendant lacks the knowledge necessary to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4.      In response to Paragraph 4 of the Complaint, Defendant admits that Plaintiff was employed by Defendant and further admits that it transacts business in Miami-Dade County.

5.      Defendant makes no response to the allegations contained in Paragraph 5 of the Complaint as it asserts a legal conclusion.

## <u>COUNT I. FEDERAL OVERTIME WAGE VIOLATION</u>

6.      In response to Paragraph 6 of the Complaint, Defendant acknowledges that Plaintiff attempts to bring this action under the laws of the United States and further acknowledges that Plaintiff attempts, unsuccessfully, to bring this case as a putative collective action, but denies Plaintiff has entitlement to same.  Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7.      In response to Paragraph 7 of the Complaint, Defendant admits that this Court and the Federal Courts have concurrent jurisdiction over FLSA claims.

8.      Defendant makes no response to the allegations contained in Paragraph 8 of the Complaint as it asserts a legal conclusion.

9.      In response to Paragraph 9 of the Complaint, Defendant admits that Plaintiff worked as a busser at Defendant's restaurant.  Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10.     Defendant makes no response to the allegations contained in Paragraph 10 of the Complaint as it asserts a legal conclusion.

11.     Defendant makes no response to the allegations contained in Paragraph 11 of the Complaint as it asserts a legal conclusion.

12.     Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

**COUNT II. FEDERAL MINIMUM WAGE VIOLATION AGAINST DEFENDANT**

Defendant incorporates and realleges its responses to the allegations of Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

15.     Defendant makes no response to the allegations contained in Paragraph 15 of the Complaint as it asserts a legal conclusion.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

**AFFIRMATIVE DEFENSES**

1.     Plaintiff's claims are barred by the applicable statutes of limitation; including, but not limited to, the statute of limitations contained in the FLSA, 29 U.S.C. §§255(a) and 216, and any other applicable statutes of limitation and, in any event, without conceding that any wages are due, Plaintiff is barred from seeking: a) more than two (2) years of back wages occurring more than two (2) years prior to the filing of this Action for any non-willful violations of the FLSA; and b) more than three (3) years of back wages occurring more than three (3) years prior to the filing of this Action for any willful violations of the FLSA.

2.     Plaintiff's claims are asserted in bad faith and are frivolous, unreasonable and without foundation, as Plaintiff is aware that she was received a portion of *bona fide* commissions via compulsory service charges included in patron checks.   These amounts – which Plaintiff

received for each hour she worked on each shift – are considered part of Plaintiff's regular wages and exceed the amount of any minimum wage rate under the FLSA.

3.  Plaintiff's claims are asserted in bad faith and are frivolous, unreasonable and without foundation, as Plaintiff is aware that she was exempted from the overtime requirements of the FLSA by the retail and services establishment exemption in light of the service charges/commissions that they customarily received as the majority of their weekly pay. Defendant is, therefore, entitled to an award of costs and expenses of litigation, including reasonable attorney's fees.

4.  Plaintiff was paid in full as she was exempted from the overtime requirements of the FLSA by the retail and services establishment exemption in light of the service charges/commissions that she customarily received as the majority of her weekly pay. Therefore, Defendant is released from any and all continuing obligations to Plaintiff.  Additionally, the total wages Plaintiff received (not including gratuity/tips) in the form of a set $5.65 per hour plus a portion of *bona fide* commissions levied as compulsory service charges on every patron's check, exceed the overtime wage for any hour Plaintiff purportedly worked over 40 each week.

5.  Plaintiff has been paid and/or received all sums and benefits due by virtue of Plaintiff's employment. In particular, Plaintiff was exempted from the overtime requirements of the Act by the retail and services establishment exemption in light of the service charges/commissions that they customarily received as the majority of her weekly pay.

6.  At all relevant times herein, Defendant complied in good faith with all employment laws, labor laws, and other applicable laws, including reasonable interpretations of same, pertaining to the employment of Plaintiff, including, but not limited to, payment of wages, overtime, benefits, and maintenance of wage and time records. In particular, Defendant, at all times

4

material hereto, acted in good faith in determining and had reasonable grounds to believe that Plaintiff was exempted from the overtime requirements of the Act by the retail and services establishment exemption.

7.     Defendant alleges that any recovery on the Complaint, or any cause of action contained therein, may be barred by Defendant's compliance or substantial compliance with all applicable laws underlying Plaintiff's claims of violation of the FLSA.

8.     Any monies or other consideration claimed to be owed to Plaintiff represents amounts to which Defendant is entitled to equitable, statutory and/or contractual set-off.

9.     Defendant alleges that insofar as the Complaint is an attempt to recover liquidated damages, such damages are not recoverable because any act or omission of Defendant was in good faith and based upon reasonable grounds for believing that it was not violating the FLSA. In particular, Defendant, at all times material hereto, acted in good faith in determining and had reasonable grounds to believe that Plaintiff was paid in full for all minimum wages and, if/where applicable overtime rates, by virtue of the set $5.65 per hour plus a portion of *bona fide* commissions levied as compulsory service charges on every patron's check, she received.

10.     Plaintiff's claims are barred in whole or in part to the extent that the work performed may fall within overtime exemptions in the FLSA and/or its regulations. In particular, Plaintiff was exempted from the overtime requirements of the FLSA by the retail and services establishment exemption.

11.     Plaintiff's claims for both pre-judgment interest and liquidated damages are duplicative of each other and must be disallowed to prevent a double recovery.

12.     This action cannot be maintained as a collective or class action as Plaintiff seeks to certify a putative class that consists of members who lack standing and who have not suffered any

injury-in-fact as a result of any alleged violation of the FLSA, in particular putative class members who were also exempted from the overtime requirements of the FLSA by the retail and services establishment exemption.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as may become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing affirmative defenses.

WHEREFORE, Defendant, VMSB, LLC, respectfully requests that the Complaint be dismissed with prejudice, that costs and attorney's fees be taxed against Plaintiff, and in favor of Defendant, and that all other appropriate relief in favor of Defendant, and against Plaintiff, be granted.

Respectfully submitted,

**BERGER SINGERMAN LLP**
Counsel for Defendant, VMSB, LLC
350 East Las Olas Blvd. Suite 1000
Ft. Lauderdale, Florida 33301
Telephone: (954) 525-9900
Fax:  (954) 523-2872

By: _/s/ Andrew B. Zelmanowitz_
Andrew B. Zelmanowitz
Florida Bar No. 74202
Caitlin M. Trowbridge
Florida Bar No. 92113
azelman@bergersingerman.com
ctrowbridge@bergersingerman.com
drt@bergersingerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via the Court's Florida E-Portal Filing System, on this 17th day of December 2020 upon:

## <u>Service List</u>

J.H. Zidell, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
zabogado@aol.com
***Attorneys for Plaintiff***