IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-cv-25179-PCH

ESTELLA NOEMI TEVEZ, and all others
similarly situated under 29 U.S.C. § 216(b),

    Plaintiff,

v.

VMSB, LLC, d/b/a CASA CASUARINA,
a Florida corporation,

    Defendant.
_____/

## FIRST AMENDED COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS, FEDERAL MINIMUM WAGE VIOLATIONS AND FLORIDA MINIMUM WAGE VIOLATIONS

Plaintiff, ESTELLA NOEMI TEVEZ, on behalf of herself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, and hereby files this Amended Complaint against Defendant, VMSB, LLC. d/b/a CASA CASUARINA, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff, ESTELLA NOEMI TEVEZ was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant VMSB, LLC. d/b/a CASA CASUARINA is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

5. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement). This Court has concurrent jurisdiction with the Federal Courts under 29 USC §216(B).

7. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

8. Plaintiff ESTELLA NOEMI TEVEZ worked as a non-exempt busser at Defendant's restaurant from on or about September 6, 2019 through to on or about October 24, 2020[1].

9. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on

---

[1] Except for approximately 10 weeks as the restaurant was closed due to COVID-19.

a constant and/or continual basis and/or that were supplied to her by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while she worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

10. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

11. Upon information and belief, the Defendant had gross sales or business done in excess of $500,000 annually for the year 2019 and is expected to exceed $500,000 for the year 2020.

12. Between the period of on or about September 6, 2019 through to on or about March 21, 2020, Plaintiff worked an average of 62.5 hours a week for Defendants and was not[2] paid anything for most hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time and a half overtime rate for each hour worked above 40 hours in a week based on the applicable minimum wage.

13. Between the period of on or about May 31, 2020 through to on or about October 24, 2020, Plaintiff worked an average of 55 hours a week for Defendants and was not[3] paid anything for most hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time and a half overtime rate for each hour worked

---

[2] Plaintiff acknowledges her paystubs would reflect some overtime hours, but Plaintiff denies she was paid all her overtime and, when she was paid overtime, she was paid at an incorrect overtime rate.

[3] Plaintiff acknowledges her paystubs would reflect some overtime hours, but Plaintiff denies she was paid all her overtime and, when she was paid overtime, she was paid at an incorrect overtime rate.

above 40 hours in a week based on the applicable minimum wage.

14. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

**WHEREFORE,** the Plaintiff requests double damages and reasonable attorney fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. ***The Plaintiff requests a trial by jury.***

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION[4] AGAINST DEFENDANT

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-14 above and further states:

15. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce,

---

[4] Plaintiff reserves the right to seek minimum wage damages under the Florida Constitution. To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff reserves her right to seek the higher of the two applicable rates.

wages at the following rates: except as otherwise provided in this section, not less than-- $5.85 an hour, beginning on the 60th day after May 25, 2007; $6.55 an hour, beginning 12 months after that 60th day; and $7.25 an hour, beginning 24 months after that 60th day..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

16. Between the period of on or about September 6, 2019 through to on or about March 21, 2020, Plaintiff worked an average of 62.5 hours a week for Defendants and Plaintiff was paid $5.65/hr[5] for said work in violation of the Fair Labor Standards Act as said payment of $5.65/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $5.65/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

17. Between the period of on or about May 31, 2020 through to on or about October 24, 2020, Plaintiff worked an average of 55 hours a week for Defendants and Plaintiff was paid $5.65/hr[6] for said work in violation of the Fair Labor Standards Act as said payment of $5.65/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $5.65/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

18. Plaintiff was paid the tipped minimum wage instead of the regular minimum wage for all hours worked on a weekly basis.

---

[5] Plaintiff was paid an hourly amount of $5.65 plus tips, but was never provided proper notice of the tip-credit as required by law.
[6] Plaintiff was paid an hourly amount of $5.65 plus tips, but was never provided proper notice of the tip-credit as required by law.

19. Defendant did not provide proper notice to Plaintiff of their intent to claim the tip credit as required by 29 U.S.C. §203(m).

20. Defendant shared Plaintiff's tips with Managers and/or other non-tipped employees for the time period alleged herein and/or failed to pay Plaintiff all tips she should have been paid.

21. Defendant failed to comply with the Fair Labor Standards act by (a) not paying any amount for some of the weekly hours that the Plaintiff regularly worked at the proper minimum wage and (b) not providing notice to the Plaintiff of the tip credit that would be used to cover the minimum wage deficiency.

22. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

**WHEREFORE**, Plaintiff requests double damages and reasonable attorney fees from the Defendant, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all federal minimum wages still owing from Plaintiff's entire employment period with Defendant or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT III. FLORIDA MINIMUM WAGE VIOLATION[7] AGAINST DEFENDANTS

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1- 22, above and further states:

23. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a **minimum wage** at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state **minimum wage** pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

24. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

25. All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek to add Plaintiff's Florida minimum wage claims against the Defendant.

26. On November 19, 2020, Plaintiff's counsel served the Defendant, via process server the required Florida Minimum Wage Notices to the Defendants pursuant to Florida Statute § 448.110(6)(a). *See attached Exhibit A, Affidavit of Process Server*

---

[7] Plaintiff reserves the right to seek minimum wage damages under the Florida Constitution. To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff reserves her right to seek the higher of the two applicable rates.

27. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved."

28. The 15 calendar days expired on December 4, 2020. As of the date of filing the instant Amended Complaint, the Plaintiff and the Defendant have been unable to resolve said Florida Minimum Wage violation.

29. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage was increased to $8.05/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2017, the Florida minimum wage was increased to $8.10/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2018, the Florida minimum wage was increased to $8.25/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2019, the Florida minimum wage was increased to $8.46/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2020, the Florida minimum wage was increased to $8.56/hr.

Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

30. Between the period of on or about Between the period of on or about September 6, 2019 through to on or about March 21, 2020, Plaintiff worked an average of 62.5 hours a week for Defendants, Plaintiff was paid $5.65/hr$^8$ for said work in violation of the Fair Labor Standards Act as said payment of $5.65/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $5.65/hr and the applicable minimum wage rate of $8.46/hr for all hours worked.

31. Between the period of on or about May 31, 2020 through to on or about October 24, 2020, Plaintiff worked an average of 55 hours a week for Defendants, Plaintiff was paid $5.65/hr$^9$ for said work in violation of the Fair Labor Standards Act as said payment of $5.65/hr did not meet the applicable Florida Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $5.65/hr and the applicable minimum wage rate of $8.56/hr for all hours worked.

32. Plaintiff was paid the tipped minimum wage instead of the regular minimum wage for all hours worked on a weekly basis.

33. Defendant did not provide proper notice to Plaintiff of their intent to claim the tip credit as required by 29 U.S.C. §203(m).

34. Defendant shared Plaintiff's tips with Managers and/or other non-tipped employees for the time period alleged herein and/or failed to pay Plaintiff all tips she should have been paid.

---

[8] Plaintiff was paid an hourly amount of $5.65 plus tips, but was never provided proper notice of the tip-credit as required by law.
[9] Plaintiff was paid an hourly amount of $5.65 plus tips, but was never provided proper notice of the tip-credit as required by law.

35. Defendant failed to comply with the Fair Labor Standards act by (a) not paying any amount for some of the weekly hours that the Plaintiff regularly worked at the proper minimum wage and (b) not providing notice to the Plaintiff of the tip credit that would be used to cover the minimum wage deficiency.

36. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

**WHEREFORE**, Plaintiff requests double damages and reasonable attorney fees from the Defendant, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendant or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. ***The Plaintiff requests a trial by jury.***

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____

J.H. Zidell, Esq.
Florida Bar Number: 0010121

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 2/__/2021 TO:

Berger Singerman, LLP
Andrew Bryan Zelmanowitz, Esq.
Caitlin M. Trowbridge, Esq.
vbarthelemy@bergersingerman.com
CTrowbridge@bergersingerman.com
350 East Las Olas Blvd.
Suite 1000
Fort Lauderdale, FL 33301
Telephone: 954-695-8224
Facsimile: 954-523-2872
*Counsel for Defendant*

By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.



STATE & FEDERAL
COURT PRACTICE

CITY NATIONAL BANK BUILDING
300 71ST STREET, SUITE 605
MIAMI BEACH, FL 33141
TEL (305) 865-6766
FAX (305) 865-7167

November 18, 2020



PLAINTIFF'S EXHIBIT A

**SERVED WITH INITIAL COMPLAINT**
VMSB, LLC. d/b/a CASA CASUARINA
Registered Agent: Corporation Service Company
1201 Hayes Street
Tallahassee FL 32301

Re: Estela Noemi Tevez

Dear VMSB, LLC. d/b/a CASA CASUARINA (Registered Agent):

Please be advised that the law firm of J.H. Zidell, P.A. represents Estela Noemi Tevez. As you are aware Ms. Tevez worked for you as a busser between the dates of on or about September 6, 2020 through to on or about October 24, 2020.

From on or about September 6, 2019 through to on or about October 24, 2020[1], you failed to pay Ms. Tevez the applicable Florida minimum wage. Ms. Tevez worked an average of 50 hours per week and was paid company paid approximately $5.65/hr for said work. Said nonpayment of the applicable Florida minimum wage constitutes a minimum wage violation pursuant to Fair Labor Standards Act and the Florida Constitution.

This letter is being written pursuant to Florida Statute §448.110. Pursuant to Florida Statute §448.110, you have 15 days from receipt of this letter to cure all Florida minimum wages owed to Ms. Tevez.

Pursuant to the Florida Constitution, the Florida minimum wage first went into effect on May 2, 2005 when the Florida Minimum wage was set at $6.15/hr. Thereafter, on January 1, 2006 the Florida minimum wage was increased to $6.40/hr. On January 1, 2007 the Florida minimum wage was increased to $6.67/hr. On January 1, 2008 Florida minimum wage was increased to $6.79/hr. On January 1, 2009, the Florida minimum wage was increased to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum

---

[1] Except for approximately 12 weeks as the restaurant was closed due to COVID19.

wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage was increased to $8.05/hr. On January 1, 2016, the Florida minimum wage remained at $8.05/hr. On January 1, 2017, the Florida minimum wage was increased to $8.10/hr. On January 1, 2018, the Florida minimum wage was increased to $8.25/hr. On January 1, 2019, the Florida minimum wage was increased to $8.46/hr. On January 1, 2020, the Florida minimum wage was increased to $8.56/hr

The period of time Ms. Tevez claims her Florida minimum wage is from on or about September 6, 2019 through to on or about October 24, 2020. Ms. Tevez is also proceeding with her claims under the Fair Labor Standards Act for nonpayment of federal overtime wages. The below calculation does not include said claims for federal overtime wages owed from on or about September 6, 2019 through to on or about October 24, 2020.

The total amount of Florida minimum wages owed to Ms. Tevez for the period specified below is for **$6,613.00.** Pursuant to Florida Statute §448.110 you have fifteen (15) days from receipt of this letter to pay this amount. If this amount is not paid within the statutory timeframe a lawsuit shall be filed requesting all damages plus attorneys' fees and liquidated damages as per statute.

September 6, 2019 – December 31, 2019
**FL MW RATE: $8.46**
**Rate Paid: $5.65**
**Rate Owed: $2.81**
**Hours per week: 50**
**Weeks Claimed: 16**
**MW Owed: $ 2,248.00**

January 1, 2020 – October 24, 2020
**FL MW RATE: $8.56**
**Rate Paid: $5.65**
**Rate Owed: $2.91**
**Hours per week: 50**
**Weeks Claimed: 30 (42 minus 12 due to COVID19 shutdown)**
**MW Owed: $4,365.00**

Should you wish to resolve the Florida Minimum Wage portion of this claim, please feel free to contact J.H. Zidell, Esq. at (305) 865-6766. Resolution of the Florida State minimum wage claim is not to be construed and will not affect the resolution of any Federal overtime wages owed under the Fair Labor Standards Act.

Sincerely,

/s/JH Zidell

J.H. Zidell, Esq.
For the Firm
J.H. Zidell, P.A.

## RETURN OF SERVICE

State of Florida                County of Miami-Dade                Circuit Court

Case Number: 2020-003522-CC-24

Plaintiff:
ESTELLA NOEMI TEVEZ AND ALL OTHERS SIMILARLY SITUATED UNDER 29 U.S.C. § 216(B)

LTN2020004050

vs.

Defendant:
VMSB, LLC D/B/A CASA CASUARINA

For:
J.H. ZIDELL, P.A.
300 71ST STREET
SUITE 605
MIAMI BEACH, FL 33141

Received by LIGHTNING LEGAL on the 18th day of November, 2020 at 5:16 pm to be served on VMSB, LLC DBA CASA CASUARINA REGISTERED AGENT: CORPORATION SERVICE COMPANY, 1201 HAYES STREET, TALLAHASSEE, FL 32301

I, Christopher S. Kady, do hereby affirm that on the 19th day of November, 2020 at 11:10 am, I:

served a CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE by delivering a true copy of the Letter, Summons and Complaint Under 29 U.S.C. § 201-216 Overtime Wage Violation and Federal Minimum Wage Violations with the date and hour of service endorsed thereon by me, to: Anna Moneyham as Service Liaison authorized to accept service, of the within named corporation, at the address of: 1201 Hays Street, Tallahassee, FL 32301 on behalf of VMSB, LLC DBA CASA CASUARINA, and informed said person of the contents therein, in compliance with state statutes.

Description of Person Served: Age: 35, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 150, Hair: Red, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525   NOTARY NOT REQUIRED PURSUANT TO FS 92.525

Christopher S. Kady
Process Server #237

LIGHTNING LEGAL
Lightning Legal Couriers & Process
9280 SW 64th St.
Miami, FL 33173
(786) 286-4167

Our Job Serial Number: LTN-2020004050

Filing # 116810241 E-Filed 11/17/2020 02:17:49 PM

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☒ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | | CASE NUMBER<br>2020-003522-CC-24 |
|---|---|---|---|
| PLAINTIFF(S)<br>ESTELLA NOEMI TEVEZ and all others similarly situated under 29 U.S.C § 216(b) | VS. DEFENDANT(S)<br>VMSB, LLC. d/b/a<br>CASA CASUARINA | Served Date: | SERVICE<br>NOV 19 2020<br>Time:<br>Christopher Kady #237<br>2nd Judicial Circuit |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s): VMSB, LLC.
Registered Agent: Corporation Service Company
1201 Hays Street
Tallahassee FL 32301

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: J.H. ZIDELL, P.A.

whose address is: 300 71st Street, Suite 605
Miami Beach FL 33141

within 20 days * Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days." after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | DEPUTY CLERK360 | DATE<br>11/18/2020 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance; or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

CLK/CT 314 Rev 09/19

Clerk's web address: www.miami-dadeclerk.com



STATE & FEDERAL
COURT PRACTICE

CITY NATIONAL BANK BUILDING
300 71st STREET, SUITE 605
MIAMI BEACH, FL 33141
TEL (305) 865-6766
FAX (305) 865-7167

November 18, 2020

*SERVED WITH INITIAL COMPLAINT*
VMSB, LLC. d/b/a CASA CASUARINA
Registered Agent: Corporation Service Company
1201 Hayes Street
Tallahassee FL 32301

Re:   Estela Noemi Tevez

Dear VMSB, LLC. d/b/a CASA CASUARINA (Registered Agent):

Please be advised that the law firm of J.H. Zidell, P.A. represents Estela Noemi Tevez. As you are aware Ms. Tevez worked for you as a busser between the dates of on or about September 6, 2020 through to on or about October 24, 2020.

From on or about September 6, 2019 through to on or about October 24, 2020[1], you failed to pay Ms. Tevez the applicable Florida minimum wage. Ms. Tevez worked an average of 50 hours per week and was paid company paid approximately $5.65/hr for said work. Said nonpayment of the applicable Florida minimum wage constitutes a minimum wage violation pursuant to Fair Labor Standards Act and the Florida Constitution.

This letter is being written pursuant to Florida Statute §448.110. Pursuant to Florida Statute §448.110, you have 15 days from receipt of this letter to cure all Florida minimum wages owed to Ms. Tevez.

Pursuant to the Florida Constitution, the Florida minimum wage first went into effect on May 2, 2005 when the Florida Minimum wage was set at $6.15/hr. Thereafter, on January 1, 2006 the Florida minimum wage was increased to $6.40/hr. On January 1, 2007 the Florida minimum wage was increased to $6.67/hr. On January 1, 2008 Florida minimum wage was increased to $6.79/hr. On January 1, 2009, the Florida minimum wage was increased to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum

---

[1] Except for approximately 12 weeks as the restaurant was closed due to COVID19.